PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIE DEE OWENS, ) | |
| ) | CASE NO. 1:18CV1043 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Willie Dee Owens' claim for disability insurance benefits after a hearing held on June 16, 2016, in the above-captioned case. ECF No. 15 at PageID#: 591. That decision became the final determination of the Commissioner of Social Security when, on March 2, 2018, the Appeals Council denied the request to review the ALJ's decision. *Id.* Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not disabled should be affirmed. *See* ECF No. 15. Plaintiff filed an Objection to the Report and Recommendation (ECF No. 16), and the Commissioner filed a Response (ECF No. 17). For the reasons that follow, the Court adopts the

(1:18CV1043)

Report and Recommendation (ECF No. 15) and affirms the decision of the Commissioner of Social Security.

## I. Background

Magistrate Judge Greenberg's Report and Recommendation thoroughly narrates the procedural history, describes the medical evidence, and analyzes the merits of Plaintiff's appeal. It explains that the ALJ denied Plaintiff's claim at step four of the disability-insurance analysis because he found, based on Plaintiff's residual functional capacity ("RFC"), that Plaintiff can still engage in his past work as a circuit board assembler (as generally performed), and he is therefore not disabled. ECF No. 15 at PageID#: 601-02; ECF No. 10 at PageID#: 77. The ALJ acknowledged Plaintiff's severe impairments[1] and limitations,[2] but concluded that "the medical evidence of record does not support a finding that the combination of his impairments is as severe as to preclude performance of some of his past work" as a circuit board assembler. ECF No. 10 at PageID#: 76.

---

[1] "The claimant has . . . cervical degenerative disc disease and spondylosis; lumbar degenerative disc disease and spondylosis with radiculopathy, status post L2-5 laminectomy and decompression; bilateral carpal tunnel syndrome; and obesity." ECF No. 10 at PageID#: 71.

[2] "[H]e can never climb ladders, ropes or scaffolds; he can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; he is limited to frequent handling and fingering with the upper extremities; and he should avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights." ECF No. 10 at PageID#: 72.

(1:18CV1043)

Appealing that decision, Plaintiff did not assert that any of the medical evidence was inaccurate at the time it was developed, nor that the ALJ misunderstood the evidence before him, but rather he argued that "the physical therapy records from 2015 show a significant worsening in Plaintiff's condition such that the ALJ should have obtained an updated opinion." ECF No. 11 at PageID#: 558. Plaintiff also argued that the ALJ ignored evidence in the record post-dating the principal medical opinion in 2015 and, instead, "cherry-pick[ed]" evidence to support a conclusion that disfavored Plaintiff. ECF No. 14 at PageID#: 585-87.

The magistrate judge rejected Plaintiff's arguments. The Report and Recommendation explained that the ALJ appropriately considered the entire record, "including Owens' back surgery, his development of neuritis, his reports of continued back pain at his physical therapy appointments, and the treatment and evaluation of his carpal tunnel, including diminished grip strength and a positive [electromyogram]." ECF No. 15 at PageID#: 611 (citing ECF No. 10 at PageID#: 74-75). The magistrate judge also observed that "[i]t was not the ALJ's burden to obtain further medical opinion evidence on Owens' physical capacity," in particular given that Plaintiff, "who was represented by counsel at the hearing, did not request a consultative examination or otherwise suggest the medical record was insufficient for the ALJ to make a disability determination." *Id.* at PageID#: 616 (citations omitted).

In his objection to the Report and Recommendation, Plaintiff revives the arguments listed above. He insists, "[T]he ALJ's reliance on the outdated opinion renders his RFC unsupported by substantial evidence," and, "it appears that the ALJ simply ignored the evidence proving

3

(1:18CV1043)

Plaintiff is disabled . . . ." ECF No. 16 at PageID#: 620, 622. In response, the Commissioner states that she relies on her merits brief. ECF No. 17 (citing ECF No. 13).

## II. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522 23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

4

(1:18CV1043)

1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This standard "allows considerable latitude to administrative decisionmakers.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  That conclusion is based on a five-step, sequential analysis mandated by regulation:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability.  20 C.F.R. § 404.1520(a)(4)(i).  Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment.  *Id.* § 404.1520(a)(4)(ii).  Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled.  *Id.* §

5

(1:18CV1043)

>404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).
>
>The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

### III. Analysis

Plaintiff, in essence, raises two related objections to the Report and Recommendation. First, he posits that the ALJ was obligated to order a consultative examination, and his failure to do so renders his RFC determination unsupported by substantial evidence. Second, he posits that even in the absence of a consultative examination, the ALJ erred by ignoring key evidence of disability.

**A. Alleged Obligation to Expand the Record *Sua Sponte***

Plaintiff faults the ALJ for giving outsize weight to the February 2015 medical opinion of the state agency physician, Dr. Mikalov, in his June 1, 2017, decision (after a September 29, 2014, application for benefits and a June 16, 2016, hearing). ECF No. 11 at PageID#: 558-63; *see* ECF No. 10 at PageID#: 69-78. According to Plaintiff, new evidence suggesting limited functional capacity came to light after Dr. Mikalov's assessment, without which it was not possible for the ALJ to arrive at an informed conclusion. ECF No. 11 at PageID#: 558-63.

6

(1:18CV1043)

Plaintiff acknowledges that, despite being represented by counsel throughout his administrative proceedings, he never requested or even suggested that the ALJ order a consultative examination. *See id.* at PageID#: 563; *see also* ECF No. 10 at PageID#: 92-140. At the June 16, 2016, hearing before the ALJ, Plaintiff's counsel affirmatively stated that the record was complete. ECF No. 10 at PageID#: 94 ("Q: Counsel, do we [have] a complete record in Mr. Owens' case?" "A: Yes, we do."); *see id.* at PageID#: 140 (recording no objection when ALJ said to Plaintiff, "[Y]our record is complete . . . .").

The burden to prove a disability rests on the claimant. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a). An ALJ has a "basic obligation to develop a full and fair record," *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983), but he is not responsible for counsel's failure to supplement the record simply because, in retrospect, it might have been wise for counsel to do so. "Certainly a Social Security claimant is entitled to a full and fair record, but a claimant represented by counsel . . . is presumed to have made his best case before the ALJ." *Mulligan v. Astrue*, 336 F. App'x 571, 578 (7th Cir. 2009). In this case, the ALJ relied on medical evidence collected after Plaintiff submitted his application and before the hearing took place. Plaintiff's counsel expressly vouched for the validity of the evidence and the completeness of the record, and Plaintiff hoped to win his case based on what he had presented to the ALJ. He cannot now complain that he was deprived of the opportunity to present a full and fair record to the ALJ.

In any event, the ALJ did take account of the apparent developments between Dr. Mikalov's February 2015 evaluation and the June 2016 hearing. He explained, "Significant weight was given to Dr. Mikalov's opinion because it accurately tracks the medical evidence of record and the evidence more recently submitted does not indicate the claimant has become substantively more limited than opined by Dr. Mikalov." ECF No. 10 at PageID#: 76.

### B. Alleged Ignorance of Evidence in the Record

Plaintiff additionally argues that the ALJ either ignored or mischaracterized some of the evidence that was in the record. Although it is true that the ALJ cannot "pick and choose" the evidence that supports the conclusion he prefers, *Vorhis-Deaton v. Comm'r of Soc. Sec.*, 34 F. Supp. 3d 809, 818 n.8 (S.D. Ohio 2014), it is also the case that the ALJ is not obligated to discuss in writing every item of evidence that appears in the record so long as the evidence considered is substantial. *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (quoting *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999))).

Plaintiff faults the ALJ for failing to discuss sit/stand limitations and for omitting any suggestion that he might need to take occasional rest breaks from his work in his written decision. Plaintiff insists he is "unable to sit or stand for more than thirty minutes" and that, during physical therapy, he needed "several breaks during 40- to 45-minute sessions." ECF No.

8

(1:18CV1043)

16 at PageID#: 620 (citing ECF No. 10 at PageID#: 515, 489, 493). Plaintiff posits, based on those premises, that he is necessarily also incapable of "frequently" performing tasks that require handling and fingering (such as circuit board assembly); "frequently" meaning roughly 20 to 40 minutes each hour. ECF No. 16 at PageID#: 620.

Plaintiff's reasoning fails. First, at the hearing before the ALJ, Plaintiff's counsel did not elicit any suggestion that Plaintiff would need to take "several breaks during 40- to 45-minute sessions" at work, just as in physical therapy. Nor, apparently, did Plaintiff ever produce evidence that the need for rest breaks was consistent or permanent. Those arguments were apparently developed for the first time before the magistrate judge, not the ALJ. Second, as a substantive matter, it is not inconsistent to suppose that a person who cannot sit or stand for more than 30 minutes at a time and needs to take several short breaks every 45 minutes can nevertheless use his hands for 20 to 40 minutes each hour under the conditions discussed by Plaintiff's counsel, the vocational expert, and the ALJ. *See* ECF No. 10 at PageID#: 131-40.

At the hearing, the ALJ expressly acknowledged that, given his limitations, Plaintiff might not be able to perform the job of circuit board assembler in the same way that he had done before (in which he occasionally lifted containers weighing roughly 50 pounds). ECF No. 10 at PageID#: 136-37. Nevertheless, based on medical evidence and the testimony of the vocational expert, the ALJ concluded that Plaintiff could still perform the job of a circuit board assembler "as it is generally performed in the national economy." *Id.* at PageID#: 77.

The ALJ's determination was supported by substantial evidence.

9

(1:18CV1043)

## IV. Conclusion

For the reasons stated herein, the Court hereby adopts the magistrate judge's Report and Recommendation ([ECF No. 15](ECF No. 15)) and affirms the decision of the Commissioner of Social Security. A judgment entry shall issue.

    IT IS SO ORDERED.

| | |
|---|---|
|   April 30, 2019 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |